UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

KATOYA RAYNON,

    Plaintiff,

v.	Case No:   6:14-cv-1112-Orl-37TBS

RHA/FERN PARK MR, INC. and FERN PARK, INC.,

    Defendants.

## REPORT AND RECOMMENDATION

Pending before the Court is the parties' Joint Motion for Approval of FLSA Settlement. (Doc. 20).   The parties request the Court's approval of their proposed settlement of Plaintiff's Fair Labor Standards Act ("FLSA") claim.   I have examined the motion, the parties' supplements to the motion, and the settlement agreement (Docs. 22 and 25), and for the reasons set forth herein, I respectfully recommend that with one change, the motion be **granted**.

### Background

On July 10, 2014, Plaintiff Katoya Raynon sued former employers RHA/Fern Park Mr., Inc. and Fern Park, Inc., (collectively "Defendants") for unpaid overtime compensation under the FLSA.   (Doc.1). She also sued Defendants for the alleged fraudulent filing of information returns, pursuant to 26 U.S.C. § 7434(a).   Defendant Fern Park "provides health care services to elderly and infirmed person, including the developmentally disabled and mentally ill."   (Doc. 22 ¶ 1).   Plaintiff claims that she was employed by Defendants as a full time non-exempt employee and was "responsible for assisting clients with daily activities, including bathing, feeding and dressing" for which

she was paid $9.25 per hour.  (Doc. 22 ¶ 2).  Plaintiff alleges that that she worked overtime hours for the Defendants who failed to compensate her for the hours in accordance with the FLSA.  (Doc. 1 ¶¶ 17, 20).  Plaintiff also claims that Defendants "willfully filed fraudulent tax papers, including a W-2 form which did not account for those hours Plaintiff worked over forty (40) per week, with the IRS."  (Id. ¶¶ 18, 22-23).  Defendants admit they employed Plaintiff, deny her other allegations, and "maintain that Plaintiff was paid all wages owed and is not entitled to any overtime compensation." (Doc. 20 at 4).

On September 29, 2014, the parties advised the Court that they had reached an agreement to resolve their dispute.  (Doc. 20).  After reading the parties' Joint Motion for Approval of FLSA Settlement, I informed them that they had failed to provide the most basic information necessary for the Court to evaluate their agreement under Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352-55 (11th Cir. 1982) and I directed them to supplement their motion for approval.  (Doc. 21).  The parties supplemented their motion on October 13, 2014.  (Doc. 22).  The next day, I notified the parties that their supplement was unacceptable because it did not include a copy of their settlement agreement.  (Doc. 24).  The parties have now filed an executed copy of their settlement agreement and this matter now ripe for review.  (Doc. 25).

## Legal Standard

The United States Court of Appeals for the Eleventh Circuit has explained that an FLSA claim can be settled and resolved in two ways.  First, an employee may settle and waive claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor.  29 U.S.C. § 216(c); Lynn's Food, 679 F.2d at 1353 (11th Cir. 1982).  Second, an employee may settle and waive claims under

the FLSA if the parties present to a district court a proposed settlement agreement, and

the district court enters a judgment approving the settlement.   Lynn's Food, 679 F.2d at

1353.

To approve the settlement, the district court must scrutinize the settlement

agreement and determine whether it is a "fair and reasonable resolution of a bona fide

dispute" of the FLSA issues.   Id. at 1354-55.    If the settlement reflects a reasonable

compromise over issues that are actually in dispute, the Court may approve the

settlement "in order to promote the policy of encouraging settlement in litigation."   Id. at

1354.   The nature of this lawsuit prompts the district court's review of the settlement

agreement rather than an examination conducted by the Secretary of Labor.   My

assessment of fairness is guided by prevailing case law in this Circuit, including Fiber

Moreno v. Regions Bank, 729 F. Supp. 2d 1346 (M.D. Fla. 2010).

## Discussion

### A. Settlement Sum

Defendants have promised to pay and Plaintiff has agreed to settle her claim for a

total of $6,000.00, to be disbursed as follows: $1,250.00 representing unpaid wages,

$1,250.00 representing liquidated damages, $500.00 as consideration for a general

release, and $3,000.00 for attorneys' fees and costs.   (Doc. 25 at 8).   Because the

parties agreed to settle before Plaintiff answered the Court's interrogatories, the Court

does not have the benefit of Plaintiff's answers to assist it in evaluating the

reasonableness of this settlement.   But, in their joint motion the parties represent that

they have agreed to settle because if they continue "to litigate this matter, they [will] be

forced to engage in costly and protracted litigation in order to prove their claims and

defenses.   This settlement, therefore, is a reasonable means for both parties to minimize

future risks and litigation costs." (Doc. 20 at 4). I accept this representation and find nothing in the record to suggest that the proposed compromise of Plaintiff's claim in this case is unreasonable or that Plaintiff's assent was procured by untoward means.

### B. General Release

The parties' settlement agreement includes a general release of Defendants by Plaintiff. (Doc. 25 at 5-8). General releases in FLSA cases are frequently viewed as "'side deals' in which the employer extracts a gratuitous (although usually valueless) release of all claims in exchange for money unconditionally owed to the employee" and therefore, such releases "confer[ ] an uncompensated, unevaluated, and unfair benefit on the employer." Moreno, 729 F. Supp. 2d at 1351-52. Therefore, "[a] compromise of an FLSA claim that contains a pervasive release of unknown claims fails judicial scrutiny." Id. at 1352. But, a settlement agreement that provides a plaintiff with independent, valuable consideration in exchange for a general release may be accepted by the Court. See Kingsley v. Noonan, No. 6:12-cv-500, 2012 WL 3151572, at 1-2 (M.D. Fla. Aug. 2, 2012); see also Pavlosky v. Winghouse XI, LLC, Case No. 6:12-cv-1711, 2014 U.S. Dist. LEXIS 56436, at *4-5 (M.D. Fla. April 22, 2014). As this Court explained in Capers v. Noah's Ark Repair Serv., Inc.,

> [A]n FLSA settlement that contains a pervasive release or which restricts a Plaintiff's First Amendment rights will typically not survive judicial scrutiny. But, in this circumstance both the release and non-disparagement clause are mutual, and thus also confer a benefit upon Plaintiff. Accordingly, I find that the Agreement does not confer an "uncompensated, unevaluated, and unfair benefit on the employer," and is a fair compromise.

No. 6:11-cv-457-Orl-28TBS, 2013 WL 3153974, at * (M.D. Fla. June 19, 2013) (internal citations omitted).

Defendants have agreed to pay Plaintiff an additional $500 in exchange for a general release. See (Doc. 25 at 8). Because the release is supported by consideration that is separate and apart from the settlement sum, I respectfully recommend that the district court find that it does not preclude approval of the settlement.

### C. Waiver of Jury Trial Clause

In the settlement agreement, Plaintiff waives her right to a jury trial. (Doc. 25 at 10). "[A] suit for lost wages under the [FLSA] carries a seventh amendment jury right." Mitchell v. Consol. Freightways Corp., 747 F. Supp. 1446, 1451 n.4 (M.D. Fla. Sept. 24, 1990) (citing Wirtz v. Jones, 340 F.2d 901, 904 (5th Cir. 1965))[1]; Walker v. Thomas, 678 F. Supp. 164, 166 (E.D. Mich. 1987). Under the terms of the settlement agreement, Plaintiff is receiving nothing in return for her waiver of her right to a jury trial. Therefore, I respectfully recommend that the Court sever and delete this provision from the settlement agreement, pursuant to the severability clause at paragraph 8 of the agreement.

### D. Attorney's Fees

The parties represent that the $3,000.00 in attorney's fees and costs to be paid to Plaintiff's counsel was negotiated separately from Plaintiff's recovery, and without regard to the amount of the settlement sum. (Doc. 20 at 5). This is sufficient to establish the reasonableness of the fees and that Plaintiff's recovery was not adversely affected by the amount of fees paid to counsel. See Bonetti v. Embarq Management Co., 715 F. Supp. 2d 1222 (M.D. Fla. 2009); see also McQuillan v. H.W. Lochner, Inc., No. 6:12-cv-1586-Orl-36TBS, 2013 WL 6184063, at *3 (M.D. Fla. Nov. 25, 2013).

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

## Recommendation

Upon consideration of the foregoing, I respectfully recommend that the Court **grant** the parties' Joint Motion for Approval of FLSA Settlement (Doc. 20) after first **severing and deleting** the "Waiver of Jury Trial" clause.

Specific written objections to this report and recommendation may be filed in accordance with 28 U.S.C. § 636, and M.D. Fla. R. 6.02, within fourteen (14) days after service of this report and recommendation.   Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on October 21, 2014.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

Presiding United States District Judge
Counsel of Record